UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

LEVON ADGER, SR.                           CIVIL ACTION NO. 23-179

VERSUS                                     JUDGE DONALD E. WALTER

TA OPERATING LLC                           MAGISTRATE JUDGE HORNSBY

---

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by Defendant TA Operating LLC ("TA"). See Record Document 30. Levon Adger, Sr. ("Plaintiff") filed an opposition, and TA filed a reply. See Record Documents 37 and 41. For the reasons assigned herein, TA's motion for summary judgment (Record Document 30) is **GRANTED**.

## BACKGROUND

On November 18, 2022, Plaintiff visited the TA Travel Center in Shreveport, Louisiana, to have his semi-truck serviced. See Record Documents 30-2 at 1 and 37-1 at 1. During his visit, TA's service technician, Terrance Abrone ("Mr. Abrone"), invited Plaintiff inside the service pit to show him the semi-truck's oil dipstick and discuss bolts missing from underneath the truck. See Record Document 30-2 at 1. Plaintiff followed Mr. Abrone into the service pit. See id. at 2. TA's surveillance video captured Plaintiff and Mr. Abrone talking in front of Plaintiff's truck before they walked down the service pit stairs. See Record Document 30-5. The surveillance video shows Plaintiff following Mr. Abrone. See id. However, after Plaintiff enters the service pit, the camera does not capture any further details as the service pit is below the floor, and the semi-truck is blocking the camera's view into the service pit. See id.

While in the service pit, Plaintiff allegedly fell to the floor and was later diagnosed with a spinal cord injury. In Plaintiff's initial petition, Plaintiff claimed that he "slipped and fell to the floor as he was descending the stairs . . . ." Record Document 1-1 at 3. In Plaintiff's deposition, he later testified that he did not have any issues walking down the service pit stairs and that he does not know what caused him to fall. See Record Document 30-3 at 57, 74–75. On January 26, 2024, Plaintiff moved for leave to amend the allegations of his initial petition which was granted by the Court. See Record Documents 34 and 47. In the amended allegations, Plaintiff asserts that he "slipped and fell on the floor of the pit," rather than as he descended the stairs. Record Document 48. There were no witnesses who saw Plaintiff slip and fall.

Plaintiff deposed Mr. Abrone and provided the Court with Mr. Abrone's signed affidavit. See Record Documents 37-2 and 37-5. In his deposition and affidavit, Mr. Abrone testified that there was oil at the top of the stairs, on the stairs, and in the service pit. See Record Documents 37-2 at 30–33 and 37-5 at 1. Mr. Abrone testified that the service pit was not washed or cleaned prior to Plaintiff's fall and that Plaintiff fell in an area where there was oil. See id. Another TA employee, Amy Collun, testified that there was oil at the top of the stairs of the service pit in a photograph that was taken after Plaintiff fell. See Record Document 40-3 at 19–20. Therefore, it is Plaintiff's argument that the oil was the cause of Plaintiff's slip and fall. See Record Document 37 at 2.

TA argues that the evidence contradicts Plaintiff's allegation that he slipped and fell while descending the stairs and that Plaintiff cannot establish that a dangerous "condition" on the property caused his fall. See Record Document 30-1. TA further argues that because Plaintiff cannot establish what caused his fall, Plaintiff cannot prove that this unidentified condition

2

presented an unreasonable risk of harm. See id. Therefore, TA filed this motion for summary judgment.

## LAW AND ANALYSIS

**A. Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (quoting Fed. R. Civ. P. 56(c)).

**B. Louisiana Merchant Liability Statute.**

Subject matter jurisdiction in this matter is based on diversity. Thus, Louisiana tort law applies. See Erie R.R. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817 (1938) (holding that a federal court sitting in diversity jurisdiction applies the substantive law of the forum state). In Louisiana, merchant liability for slip and fall cases is governed by the Louisiana Merchant Liability Act which provides:

3

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Rev. Stat. § 9:2800.6. The plaintiff has the burden of proving all three elements under the Louisiana Merchant Liability Act. See Russell v. Morgan's Bestway of La., LLC, 113 So. 3d 448, 452 (La. App. 2 Cir. 4/10/13). The Fifth Circuit has observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." Bagley v. Albertsons, Inc., 492 F.3d 328, 330 (5th Cir. 2007). Failure to prove any of the requirements will prove fatal to the plaintiff's case. See id. Furthermore, in addition to the three elements set forth in Section 9:2800.6(B), Plaintiff must prove the five elements of the well-established Louisiana tort law duty/risk analysis: (1) the defendant had a duty to conform his conduct to a specific standard; (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. See Berg v. Zummo, 786 So.2d 708, 715–16 (La. 4/25/01) (citing Roberts v. Benoit, 605 So.2d 1032, 1051 (La.1991)).

4

1.  **Lack of Evidence.**

TA's first argument is that the allegations in Plaintiff's petition are contradicted by the evidence. See Record Document 30-1 at 11. Plaintiff's petition alleges that the TA employees did not warn Plaintiff that the stairs down into the service pit area were oily and slippery and that Plaintiff slipped and fell to the floor as he was descending the stairs. See Record Document 1-1 at 3. However, Plaintiff's deposition testimony unveils that he did not fall while walking down the service pit stairs. See Record Document 30-3 at 57. On January 26, 2024, Plaintiff moved for leave to amend the allegations which was granted by the Court. See Record Documents 34 and 47. In the amended allegations, Plaintiff asserts that he "slipped and fell on the floor of the pit," rather than as he descended the stairs. Record Document 48. Therefore, this argument is moot.

2.  **Causation.**

Next, TA argues that Plaintiff has not come forward with any factual evidence to show what specific condition caused him to fall. See Record Document 30-1 at 13. "Cause in fact is generally a 'but for' inquiry; if the plaintiff probably would have not sustained the injuries but for the defendant's substandard conduct, such conduct is a cause in fact." Roberts, 605 So. 2d at 1042. "[M]erchants are not insurers of their patrons' safety and a customer is under a duty to use ordinary care to avoid injury." Pena v. Delchamps, Inc., 960 So. 2d 988, 991 (La. App. 1 Cir. 3/28/07) (internal citations omitted). Plaintiff "must make a positive showing of the existence of the condition prior to the fall." Pierite v. DG Louisiana, LLC, 258 So. 3d 901, 906 (La. App. 3 Cir. 11/7/18). TA "does not have to make a positive showing of the absence of the condition prior to the fall." Id. (internal citations omitted).

TA cites two cases in which the court dismissed a plaintiff's lawsuit when the plaintiff failed to establish causation, Bryant v. Ray Brandt Dodge, Inc., 292 So .3d 190 (La. App. 5 Cir.

5

3/17/20) and Reeves v. United States Fidelity & Guaranty Company, 614 So. 2d 857 (La. App. 2 Cir. 2/24/1993). In Bryant, the plaintiff alleged she slipped and fell in the bathroom of a car dealership. See Bryant, 292 So .3d at 192. Plaintiff claimed that there was water on the floor of the bathroom that caused her to slip; however, no other evidence was produced by the plaintiff that corroborated her claim. See id. at 197–198. An employee testified that she did not see any water on the floor and that the only liquids identified were present as a result of the plaintiff spilling her coffee as she fell. See id. at 194. The plaintiff was unable to specifically identify what it was she slipped on, did not see anyone spill water or mop the area, did not know how long the alleged puddles had been there, or where the puddles came from. See id. at 197–198. Therefore, the trial court granted summary judgment in favor of the defendant, which was affirmed by the appellate court after the plaintiff failed to demonstrate a genuine issue of material fact as to the condition that caused her fall. See id. at 198.

The facts before this Court differ from the facts of Bryant. In Bryant, the court focused its finding on the fact that there was no evidence of any liquid that the plaintiff could have slipped on. See id. In the matter before this Court, while there were no witnesses that saw Plaintiff slip and fall, there is enough evidence to create an issue of material fact as to whether an alleged liquid existed on the floor of the pit. Mr. Abrone testified that there was oil at the top of the stairs, on the stairs, and in the pit. See Record Documents 37-2 at 30–33 and 37-5 at 1. Furthermore, Mr. Abrone testified that the pit was not washed or cleaned prior to Plaintiff's fall and that Plaintiff fell in an area where there was oil. See id. Additionally, another TA employee, Amy Collun, testified that she identified oil at the top of the stairs in a photograph taken after Plaintiff fell. See Record Document 40-3 at 19–20. At this stage of the litigation, Plaintiff has

6

provided the Court with enough evidence to create a dispute of material fact as to whether there was oil on the floor of the pit.

In Reeves, the plaintiff slipped and fell in the service area of a car dealership. See Reeves, 614 So. 2d at 858. The plaintiff alleged that she slipped on "floor dry mixed with rainwater" in the service department of the dealership. Id. During a bench trial, the testimony revealed that the water was not placed on the floor by defendant's employees, but rather, it came from moisture due to rain and humidity, or from droplets from automobiles entering the service area. See id. at 861. The trial court ruled in favor of the defendant car dealership and found that the plaintiff's own negligence caused her fall. See id. The trial court found that the puddle was apparent, that the plaintiff and her daughter had travelled that same area only a few minutes before the accident without failing, and that the accident was caused by the inattentiveness of the plaintiff. See id. at 861. The appellate court agreed and affirmed the trial court's verdict. See id. at 861–862.

Similar to Reeves, at this stage of the litigation, there is conflicting evidence regarding whether there was oil on the floor of the service pit. Therefore, the credibility of the witnesses needs to be determined at trial to resolve that issue. However, TA argues that even if there was oil present, Plaintiff has not established that the specific "condition" caused his fall. Without positive evidence showing that he slipped due to the oil, TA contends that Plaintiff cannot prove that this unidentified condition presented an unreasonable risk of harm. See Record Document 30-1 at 18.

The Fifth Circuit and federal courts within the district have granted motions for summary judgment in favor of the defendant when the plaintiffs fail to identify the cause of their fall for their Louisiana Merchant Liability claim. See, e.g., Bailey v. Fred's Stores of Tennessee Inc.,

7

243 F. App'x 850 (5th Cir. 2007); Ruello v. JPMorgan Chase Bank, N.A., No. CV 20-895, 2021 WL 5998576 (E.D. La. Dec. 20, 2021); Holladay v. Lowes Home Centers LLC, No. 3:23-CV-00212, 2023 WL 6345902 (W.D. La. Sept. 28, 2023); Jones v. Kroger Co., No. CV 23-83, 2024 WL 386956 (W.D. La. Jan. 31, 2024). In Bailey, a plaintiff slipped and fell in a store owned by the defendant. See Bailey, 243 F. App'x at 851. During her deposition, the plaintiff testified that she "did not see anyone mopping in the area of her fall, saw nothing on the floor where she fell, does not recall her clothing being soiled or stained by the fall, and does not know what caused her to fall." Id. The defendant moved for summary judgment, which the district court granted. See id. On appeal, the Fifth Circuit affirmed the district court's ruling, finding the plaintiff could not produce any evidence that a hazardous condition or unreasonable risk of harm existed because she testified that she did not know what caused her fall. See id. at 852.

The Eastern District of Louisiana had a similar matter in Ruello, where a plaintiff alleged that he tripped on a sprinkler head outside of the defendant's bank and fell to the ground. See Ruello, 2021 WL 5998576, *1. In the plaintiff's deposition, he testified that he tripped over the sprinkler because he "realized it was the sprinkler head sticking up about 2 or 3 inches . . . above the pavement," and "didn't see any other obstruction that might have tripped [him] like that." Id. at *2. The court held that this testimony was the only evidence that "might" suggest that the sprinkler caused the plaintiff to fall, but without any other evidence, it was "wholly insufficient" for the plaintiff to carry his burden on causation at trial. Id. at *3. In granting the defendant's motion for summary judgment, the court concluded that the plaintiff's "sprinkler-head theory [was] purely speculative, and 'proximate cause may not be established by speculation or conjecture.'" Id. (internal citations omitted).

This Court previously reached similar outcomes in Holladay and Jones. See Holladay, 2023 WL 6345902; Jones, 2024 WL 386956. In Holladay, a plaintiff allegedly tripped over a security cable and fell, breaking her hip. See Holladay, 2023 WL 6345902, at *1. The plaintiff admitted in her deposition that she did not know exactly what caused her fall, but she attributed the hazard of a security cable as the cause because "it was the most noticeable object around at the time of the incident." Id. at *3. There were no witnesses to the incident, and there were no pictures taken of the security cable. See id. Without more positive evidence to support the plaintiff's causation element, this Court granted the defendant's motion for summary judgment and held that the plaintiff could not meet her evidentiary burden at trial. See id. at *4.

Likewise, in Jones, a plaintiff alleged that she tripped and fell over a flat utility cart placed outside the women's restroom at the defendant's grocery store. See Jones, 2024 WL 386956, at *1. The plaintiff testified that she did not see the cart before she fell and that she did not know what caused her to fall. See id. at *3. Furthermore, the plaintiff offered no additional evidence to this Court to support that a reasonable fact finder could conclude that she tripped over the cart. See id. Therefore, this Court granted the motion for summary judgment in favor of the defendant. See id. at *4.

Additionally, Louisiana appellate courts routinely affirm the district court's decision to grant motions for summary judgment when the plaintiff cannot identify the cause of his fall, and therefore, cannot satisfy his burden. See Broussard v. Retail Invs. of Tex., Ltd., 123 So. 3d 912 (La. App. 3 Cir. 10/9/13); Mooty v. Ctr. at Westbank LLC, 63 So. 3d 1062 (La. App. 5 Cir. 3/29/11). In Broussard, the plaintiff alleged that she tripped over a work cart at the defendant's grocery store. See Broussard, 123 So. 3d at 913. The defendant offered the plaintiff's testimony in which she stated that she did not know what caused her fall. See id. at 915–916. The plaintiff

9

offered no other evidence of causation, and therefore, the court granted the motion for summary judgment, holding that the plaintiff did not meet her burden of proof for the cause-in-fact element. See id. at 917.

Furthermore, in Mooty, a plaintiff speculated that she tripped over a tire stop or rebar in a store parking lot. See Mooty, 63 So.3d at 1063. In her deposition, the defendant asked what caused her to fall, and the plaintiff testified that she had "tripped on something" but did not know what it was. Id. at 1064, 1068. The plaintiff further testified that she believed she had tripped over the tire stop or rebar because she overheard someone say that it must have been one of those things that caused her to fall. See id. at 1064. The district court ruled in favor of the defendants, finding that "nothing links plaintiff's fall to the tire stop or the protruding rebar," and the appellate court affirmed. Id. at 1065, 1068.

Similar to the facts above, Plaintiff testified that he does not know what caused him to fall:

> Q. All right, so as, as you sit there today, is it fair to say you don't know what caused you to fall?
>
> A. Yes.

Record Document 30-3 at 74–75. Plaintiff further testified that he does not remember going down to the ground. See id. at 70. TA argues that the lack of evidence showing that Plaintiff slipped on the alleged oil is problematic because "there [is] a plethora of reasons why Plaintiff could have fallen and/or collapsed, [and] the vast majority of which are entirely unattributable to TA." Record Document 30-1 at 13. TA asserts that "Plaintiff could have (1) fainted; (2) had a heart attack, stroke or other medical condition; (3) was not paying attention; (4) tripped on his shoelace; (5) took a misstep; (6) had degenerative spinal cord issues; or (7) any other reason why somebody could go down to the ground [sic]." Id. at 13–14. As a merchant, TA "is not liable

10

every time an accident happens." Pena, 960 So. 2d at 991. Therefore, TA contends that Plaintiff must prove that TA contributed to Plaintiff's injuries.

The Court has reviewed the evidence attached to the motion for summary judgment, the opposition, and the reply and agrees with TA that Plaintiff fails to meet the element of causation. See Record Documents 30, 37, and 41. There were no witnesses. The video surveillance does not show the incident. Plaintiff does not remember what caused him to fall. Plaintiff disclosed two experts, Dr. Joshua Kaufman ("Dr. Kaufman") and William Henry, PhD ("Dr. Henry"). Neither of Plaintiff's experts provide admissible causation evidence.

Dr. Kaufman is a medical doctor who is board-certified in physical medicine rehabilitation. See Record Document 30-11 at 6. On December 8, 2023, Dr. Kaufman provided an expert report evaluating Plaintiff's injuries. See id. at 2–5. Dr. Kaufman notes that the specifics of Plaintiff's injury were unclear at the time of the evaluation. See id. at 2. Dr. Kaufman provides an extensive evaluation of Plaintiff's injuries, medications, and expected lifestyle changes; however, his report does not provide any causation evidence. See id. at 2–5.

Additionally, Dr. Henry, a registered architect with a certification by the National Council of Architectural Registration Boards and more than forty years of experience in all phases of architectural project management and design, offers his professional opinions in his forensic report executed on December 29, 2023. See Record Document 30-10 at 2, 13. In his forensic report, Dr. Henry offers the following conclusion regarding this incident:

> 1. The NFPA 101 Life Safety Code is a governing code for the subject property and incident.
>
> 2. The slippery walking surface created an impediment within the means of egress.
>
> 3. The top and bottom landings had inconsistent traction from the stairs, and there was debris on the bottom landing creating an impediment to the walking surface.

11

> 4. The non-conforming handrails did not provide the required egress feature as detailed in NFPA 101.
>
> 5. The pit cover was positioned in a way that it created an impediment to the required headroom.
>
> 6. Had the floor not been slippery, had the stairs and landings had consistent surface traction, had the handrails been in conformance, and had the pit cover not blocked the required headroom, it is more likely than not that the incident would not have occurred.
>
> 7. To the best of my professional knowledge, all the circumstances mentioned in the foregoing findings produced or contributed in whole or in part to the incident suffered by Mr. Adger.

Id. at 13. Dr. Henry's report relies in part on Plaintiff's allegations that he fell while descending the stairs. See id. at 2. However, Plaintiff's deposition testimony unveils that he did not fall while walking down the service pit stairs and that he did not use the handrails. See Record Document 30-3 at 55, 57. Additionally, Plaintiff has since amended his allegations and asserts that he fell on the floor of the service pit. See Record Document 48. Therefore, any conclusions regarding the stairs and handrails are irrelevant to the issue of causation. Even considering the opinions reached by Dr. Henry, the Court finds that these opinions do not help Plaintiff meet his burden of proof. The opinions are mere speculations by Dr. Henry because there is no evidence linking Plaintiff's fall to the oil.

After reviewing all the evidence, the Court finds that Plaintiff's causation allegations are based on mere speculations. Therefore, Plaintiff fails to meet his burden of proof. See Bailey, 243 F. App'x at 852 ("Indeed, as even [Plaintiff] concedes, the cause of her fall is unknown. Any suggestion otherwise would be mere speculation."); Stewart v. DG Louisiana, LLC, No. CV 21-1580, 2023 WL 405447, at *3 (E.D. La. Jan. 25, 2023) ("The conclusion that [Plaintiff] cannot sustain her burden of proof is supported by Bailey . . . in which the Fifth Circuit held that a

plaintiff who did not know the cause of her fall could not produce any evidence that a hazardous condition or unreasonable risk of harm existed."). Accordingly, TA is entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that TA's motion for summary judgment (Record Document 30) is **GRANTED**. All Plaintiff's claims filed against TA are **DISMISSED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 24th day of April, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE